■ The People of the State of New York, Respondent, v. Robert A. Funkhouser, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The defendant in a two-count indictment was indicted for grand larceny in the second degree in violation of section 1296 of the Penal Law and for buying, receiving, concealing, or withholding stolen property as a felony in violation of section 1308 of the Penal Law. Following a jury trial he was acquitted of grand larceny and found guilty of the other count. This appeal is from that judgment of conviction. Justice requires that a new trial be granted. The theory of the People at the trial as to both counts was that recent and exclusive possession of the fruits of a crime, unexplained, is sufficient to allow the jury to draw an inference of guilt. Under this rule the People offered proof of possession by the defendant of certain articles together with other proof to establish the larceny claimed. The verdict of acquittal by the jury established that the defendant did not steal these articles. The possession of the very same items by the defendant was the basis of his conviction for a violation of section 1308 of the Penal Law. Included in the elements which the People must prove to warrant a conviction of this crime are (1) the property was stolen (2) it was not stolen by the accused (3) the defendant knew it was stolen. The proof that the property was stolen is insufficient to warrant the conviction. While the proof as to this element might permit an inference of larceny by another, it also equally supports other inferences which would not establish this element and therefore cannot support the conviction. The defendant urges that the articles involved were improperly

received in evidence because they were seized as the result of unlawful search. We do not reach or pass upon this question in view of the conclusion reached. The defendant by reason of the new trial granted will, however, be in a position to seek relief as to this issue pursuant to sections 813-c and 813-d of the Code of Criminal Procedure prior to trial. (Appeal from judgment of Niagara County Court convicting defendant of criminally receiving stolen property.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.